UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEANNA E. SEAT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　Defendant. | NO: 12-CV-0166-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14, 16).  These matters were heard without oral argument on November 21, 2012.  Plaintiff is represented by Rebecca M. Coufal.  Defendant is represented by David J. Burdett.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  There being no reason to delay a decision, the hearing set for January 24, 2014, is vacated and this matter is submitted without oral argument.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 29, 2009, Plaintiff applied for a period of disability and disability insurance benefits alleging disability since August 16, 2006. Tr. 12, 115. Her application was denied initially and on reconsideration. Tr. 66-70. Plaintiff filed a timely request for hearing and appeared with an attorney at a hearing before an administrative law judge ("ALJ") on December 2, 2010. Tr. 30-65.

The ALJ issued his decision on January 21, 2011, finding that Plaintiff was not disabled because she could perform her past relevant work as a hairdresser. Tr. 19-20. On February 2, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1-5; 20 C.F.R. § 404.981.

## ISSUES

Plaintiff, Jeanna E. Seat, seeks judicial review of the Commissioner's final decision denying her a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff has identified two issues for review. First, Plaintiff argues that the ALJ improperly discredited her testimony about the severity of her symptoms. ECF No. 15 at 7-11. Second, Plaintiff asserts that the

ALJ erred in not adjusting her disability onset date and considering her disabled in 2008 when she turned 60 years old. *Id.* at 11-12.

The Commissioner contends he supported the final decision in this matter with substantial evidence and that it is free of any harmful legal error.

DISCUSSION

**A. The ALJ's Adverse Credibility Findings**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 404.1508. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 404.1508; 404.1527. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings

sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

    Here, Plaintiff argues that the ALJ improperly rejected her testimony concerning the severity of her symptoms. Specifically, Plaintiff argues that the ALJ failed to offer clear and convincing reasons for rejecting her statements that (1) the epidural steroid injections only worked for a short period of time (Tr. 239);

(2) that she could not continue the caregiver job by February 2010 (Tr. 42); (3) that her son and her friends take her shopping and they carry it in and out of her house because she can't lift anything (Tr. 44); and (4) that she did very little housework on any given day as her house was only 600 square feet (Tr. 50).  ECF 15 at 10-11.  Plaintiff asserts that this testimony, if properly credited, preclude her from performing her past relevant work and therefore the matter must be remanded.

      The ALJ provided specific, clear and convincing reasons for discrediting Plaintiff's testimony.  The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but her statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible to the degree they were inconsistent with the residual functional capacity assessment (Tr. 16).

      As to the first subject, the ALJ observed that Plaintiff reported doing stretching exercises and receiving injections to her spine, which decreased pain. Tr. 16, 48.  She received epidural steroid injections in August 2007 and February 2008, which improved her symptoms.  Tr. 16.  Following the procedure, the doctor observed Plaintiff walking without difficulty.  *Id*.  The ALJ noted that the next medical report of record addressing Plaintiff's back pain wasn't until December 2009, over one and a half years later.  *Id*.  The ALJ found that the record showed only conservative and routine treatment for her back, that she had no back surgery,

1    that stretching, doing yoga, and using a heating pad helped and that this

2    conservative treatment was inconsistent with the alleged severity of her

3    impairments.  Tr. 18.

4          Second, the Plaintiff testified that her caregiver position ended because her

5    client no longer required her services.   Tr. 18, 41.  Significantly, she did not quit

6    because of her impairments.  Tr. 18.  While she did testify that she could no longer

7    "pick her [client] up off the floor," Tr. 42, that alone is not inconsistent with the

8    light limited residual functional capacity found by the ALJ.

9          As to the third and fourth subjects, the ALJ found that Plaintiff's daily

10   activities are quite involved.  Tr. 18.   She testified that no one helps her around the

11   house; she washes dishes and vacuums one room of her apartment every day.

12   Tr. 18, 50-51.  She reads, watches television, prepares meals, cares for pets, goes

13   outside five days a week, uses public transportation and is able to drive.  Tr. 18,

14   49-50, 178, 180.  The ALJ found she goes grocery shopping twice a month with

15   her son's assistance and that all these activities are consistent with a limited light

16   residual functional capacity. Tr. 18.

17         Having thoroughly reviewed the record, the Court finds that the ALJ

18   supported his adverse credibility findings with specific, clear and convincing

19   findings which are supported by substantial evidence.  Accordingly, the Court

20   concludes that the ALJ did not arbitrarily discredit Plaintiff's testimony.

ORDER GRANTING SUMMARY JUDGMENT ~ 10

### B. The Period of Disability the ALJ Considered

Plaintiff asserts that the ALJ erred in not adjusting her disability onset date and considering her disabled in 2008 when she turned 60 years old. *Id.* at 11-12. She reasons that "special rules" for persons closely approaching retirement age would then apply to her, citing 20 C.F.R. § 404.1563(e). *Id.* at 12. Plaintiff filed an application for disability with a protective onset date of December 16, 2006, and at the administrative hearing Plaintiff's counsel offered that "any date up to April 2008" would work. Tr. 33-34.

By this argument, Plaintiff appears to concede the ALJ's step 2 finding that she was engaged in substantial gainful activity and not disabled through December 31, 2007. Tr. 14. Plaintiff misunderstands that the ALJ's decision did in fact encompass a review of Plaintiff's condition in 2008, indeed, the ALJ considered the entire period of time "from August 16, 2006, through the date of this decision [January 21, 2011]." Tr. 20. Accordingly, adjusting her alleged onset date would have no bearing on the ALJ's decision.

"Special rules" for persons closely approaching retirement age concern the transferability of skills in a step five analysis. *See* 20 C.F.R. §§ 404.1562(b), 404.1568(d)(4). Since the ALJ found Plaintiff could return to her past relevant work as a hairdresser at step four, transferability of skills is not at issue. The ALJ did not err.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** this 28th day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge